FILED
2019 Sep-05 PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA M. WOODY,<br><br>    Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY<br>ADMINISTRATION,<br>COMMISSIONER,<br><br>    Defendant. | 2:17-cv-00140-LSC |

**MEMORANDUM OF OPINION**

**I.   Introduction**

Presently before this Court is a Motion to Dismiss the Complaint for lack of subject matter jurisdiction and/or failure to state a claim for which relief may be granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed by Defendant, the Commissioner of Social Security. (Doc. 9.) Plaintiff, Linda M. Woody, has responded in opposition to the motion. (Doc. 11.) For the following reasons, the motion is due to be granted and this action dismissed for lack of subject matter jurisdiction.

**II.   Background**

Plaintiff filed a *pro se* complaint alleging errors with respect to unspecified Social Security Administration ("SSA") determinations (Doc. 1). She checked a box indicating the claim type for which she sought review was "Widow or Widower Claim" and did not check the box to indicate Supplemental Security Income ("SSI"). (*Id.*) Materials Plaintiff attached to her complaint include a January 2017 notice explaining how portions of Plaintiff's 2017 Retirement, Survivors, and Disability Insurance ("RSDI") payments would be withheld to collect an existing overpayment; an undated, unsigned Request for Reconsideration explaining that she was not married in 1995; a 2016 Social Security Benefit Statement; and a March 2, 2016, notice that Plaintiff had been overpaid $4,398 in SSI benefits. It is not clear whether Plaintiff seeks court review of an SSI overpayment determination or the determination that her SSI payments would be offset by RSDI benefits.

The Commissioner has attached to its motion to dismiss the declaration of Michael Sampson, Chief of the Court Case Preparation and Review Branch of the Office of Appellate Operations, SSA. (Doc. 9-1.) Mr. Sampson attests that he is responsible for the processing of claims under Titles II and XVI of the Social Security Act, whenever a civil action has been filed in the State of Alabama, and that documents relating to Plaintiff's claim have been examined under his supervision. Those documents are attached to the declaration. Mr. Sampson's declaration offers

the following information. On June 25, 1990, Plaintiff applied for SSI pursuant to the Social Security Act. Subsequently, on February 19, 1992, an Administrative Law Judge ("ALJ") found Plaintiff disabled and benefits were awarded. (Doc. 9-1 at 3.) In February 1995, Plaintiff was receiving Mother's Insurance Benefits under Title II of the Social Security Act, *see* 42 U.S.C. § 402(g), when SSA determined that Plaintiff had been overpaid. (*Id.*) In September 1995, SSA denied Plaintiff's request for a waiver of overpayment because Plaintiff was at fault in causing the overpayment. (*Id.*)

On January 12, 2016, SSA notified Plaintiff that her SSI payments would decrease from $773 per month to $0 per month due to her failure to apply for other benefits for which she might be qualified. (Doc. 9-1 at 3 & Ex. 2.) Plaintiff then applied for Widow's Insurance Benefits and requested a redetermination of her SSI eligibility on January 29, 2016. (Doc. 9-1 at 3 & Ex. 1, 3.) Shortly after, on February 5, 2016, SSA notified Plaintiff that her SSI payments would return to $773 per month beginning in March 2016. (Doc. 9-1 at 3 & Ex. 4.) However, on February 11, 2016, SSA notified Plaintiff that she was entitled Widow's Insurance Benefits at $1,004 per month beginning in March 2016. (Doc. 9-1 at 3 & Ex. 5.) Therefore, because Plaintiff's Widow's Insurance Benefits increased her income to $1,004 per month, SSA notified Plaintiff on February 12, 2016, that a Title XVI windfall offset would

reduce her SSI payments back to $0, and informed her of her right to appeal this offset determination by submitting a written Request for Reconsideration within 60 days. (Doc. 9-1 at 3 & Ex. 6.)

In response, Plaintiff filed a Request for Reconsideration of her Title XVI windfall offset on March 1, 2016. (Doc. 9-1 at 4 & Ex. 7.) On March 2, 2016, SSA notified Plaintiff that she received $4,390 more SSI than she was entitled to because she was eligible for other Social Security benefits when she began receiving SSI payments, and informed her of her right to appeal the overpayment determination. (Doc. 9-1 at 4 & Ex. 8.)

On April 11, 2016, SSA dismissed Plaintiff's March 1, 2016 Request for Reconsideration, apparently misconstruing it as a reconsideration request from a prior overpayment determination, rather than reconsideration of the offset determination. (Doc. 9-1 at 4 & Ex. 9.) Mr. Sampson's Court Case Preparation and Review Branch then contacted the field office to request further action on Plaintiff's Title XVI windfall offset Request for Reconsideration. (Doc. 9-1 at 4.)

On January 20, 2017, SSA notified Plaintiff of her overpayment repayment plan, which included a plan to withhold her current $1,004 per month RSDI payments to satisfy her $4,390 overpayments of SSI, beginning in January 2017. (Doc. 9-1 at 4 & Ex. 10.) Information available to SSA does not show that Plaintiff

requested further administrative review of the February 1995 overpayment determination, the February 11, 2016 award of Widow's Insurance Benefits, or the February 12, 2016 determination reducing Plaintiff's SSI payments. (Doc. 9-1 at 4-5.) Further, there is no evidence of a decision from an ALJ or the Appeals Council on any of those issues. (Doc. 9-1 at 5.)

On January 26, 2017, Plaintiff filed the instant *pro se* complaint against the "Social Security Administration" in this Court, alleging errors with respect to unspecified SSA determinations. (Doc. 1.) Plaintiff served Defendant on June 27, 2018. On October 10, 2018, Defendant filed its Motion to Dismiss. (Doc. 9). This Court then issued an order to Plaintiff ordering her to show cause in a written pleading as to why Defendant's Motion to Dismiss should not be granted. (Doc. 10.) Plaintiff filed a response to the order stating merely that she was on SSI in 1991 and that she is unaware of any overpayment. (Doc. 11.)

### III. Standard of Review

A party may challenge subject-matter jurisdiction under Rule 12(b)(1) by either a facial attack or a factual attack. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are

taken as true . . . ." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal quotation marks and brackets omitted). In a factual attack, the court may consider facts outside the pleading and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citation omitted). A factual controversy therefore does not itself defeat a motion to dismiss under Rule 12(b)(1). *See id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Lack of jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *U.S. v. Cotton*, 535 U.S. 625, 630 (2002).

**IV. Discussion**

Sections 405(g) and (h) of Title 42 of the United States Code limit judicial review of the SSA's final administrative decisions. These provisions are the exclusive basis for jurisdiction in cases arising under the Social Security Act, providing as follows:

> Any individual, *after any final decision of the Commissioner of Social Security made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district

court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia . . . .

*No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g), (h) (emphases added). Congress has thus explicitly stated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with 42 U.S.C. § 405(g), as limited by § 405(h). *See, e.g.*, *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 8-9 (2000). Thus, by its terms, the statute prohibits a court from otherwise exercising federal question jurisdiction over claims arising from the Social Security Act. *See Mathews v. Eldridge*, 424 U.S. 323, 327 (1976) (noting that Section 405(h) bars federal question jurisdiction). Where, as here, the right to sue is expressly created by statute and the statute provides a special remedy, that remedy is exclusive. *See United States v. Babcock*, 250 U.S. 328, 331 (1919).

Thus, this Court's review of the Commissioner's actions regarding Plaintiff's disability benefits is limited to the review allowed under Section 405(g) of the Act,

as further limited by Section 405(h). No other constitutional article, statute, or other law provides this Court with subject-matter jurisdiction over Plaintiff's claims.

As noted, the language of 42 U.S.C. § 405(g) expressly limits judicial review to "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The Social Security Act does not itself define the term "final decision," and thus, "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 763 (1975). The regulations provide four administrative review steps that must first be exhausted before a claimant receives a "final decision," and can then seek judicial review of that decision. *See* 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5); *see also Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988).

The first administrative review step is an initial determination made by the SSA. 20 C.F.R. §§ 404.900(a)(1), 416.1400(a)(1). The next step is a request for the SSA to reconsider its determination. 20 C.F.R. §§ 404.900(a)(2), 416.1400(a)(2). If a claimant is still dissatisfied with the reconsideration determination, he or she may request a hearing before an ALJ. 20 C.F.R. §§ 404.900(a)(3), 416.1400(a)(3). The final administrative review step following a decision by an ALJ is to request the Appeals Council to review the decision. 20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4). If one of the above steps is not pursued by the claimant, then the administrative

determination or decision becomes binding and judicial review is not allowed. *See* 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481.

Plaintiff has not received a "final decision" as defined in the Commissioner's regulations, and thus, she is not entitled to judicial review under 42 U.S.C. § 405(g). With regard to her SSI windfall offset claim, SSA is currently processing her request for a redetermination of her appeal of that issue. (Doc. 9-1 at 4 & Ex. 7.) Therefore, Plaintiff has only begun the second step of the administrative review process. *See* 20 C.F.R. §§ 404.900(a)(2), 416.1400(a)(2).

With regard to her claim regarding the SSI overpayment determination, the only action she has taken with regard to this claim is the undated, unsigned Request for Reconsideration that she submitted with her Complaint, explaining that she was not married in 1995. (Doc. 1 at 8.) To the extent that Plaintiff sought review of an overpayment, SSA dismissed that claim on April 11, 2016, and asked Plaintiff to contact them if she disagreed with the reasons for dismissal. (Doc. 9-1 at ¶ (3)(k) & Ex. 9). Plaintiff did not request further administrative review of that dismissal or object to the notice of prepayment plan. (*Id.* at ¶ (3)(m), (n) & Ex. 10). Because Plaintiff never requested review of the overpayment determination, that determination is binding and not subject to judicial review. *See* 20 C.F.R. §§

404.905, 416.1405; *see, e.g., Bowen v. City of New York*, 476 U.S. 467, 472 (1986); *Draper v. Sullivan*, 899 F.2d 1127, 1130 (11th Cir. 1990).

Even if there had been a reconsideration, there are two other levels of review Plaintiff would need to have received before a final decision was made subject to judicial review under Section 405(g). *See* 20 C.F.R. §§ 404.900(a)(2)-(4); 405.904(a)(1), 416.1400(a)(2)-(4); 416.1404(a)(1). Accordingly, Plaintiff has not received a final decision on the overpayment or windfall offset or any other issues she may seek to bring to this Court. Nor does Plaintiff's case fall into that category of "special cases" in which a claimant may be excused from exhausting administrative remedies. *See Heckler v. Ringer*, 466 U.S. 602, 618 (1984) (noting that "in certain special cases" such as where the claimant raises a challenge wholly collateral to her claim for benefits and makes a colorable showing that her injury could not be remedied by the retroactive payment of benefits, courts may excuse a clamant from exhausting administrative remedies).

Indeed, the Supreme Court has consistently acknowledged the need to exhaust administrative remedies before seeking federal court relief. *See Salfi*, 422 U.S. at 766 (citing *McKart v. United States*, 395 U.S. 185, 93-94 (1969)). Exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992).

The exhaustion doctrine recognizes that an agency has primary responsibility for the programs that Congress has charged it to administer and "ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is hailed into federal court." *Id.*

Accordingly, pursuant to 42 U.S.C. § 405(g), as limited by § 405(h), Plaintiff has not exhausted her administrative appeal remedies as required to obtain a "final decision" as to any overpayment or offset issue, and this Court does not have subject matter jurisdiction to hear Plaintiff's case.

## V. Conclusion

In light of the foregoing, Defendant's motion to dismiss (doc. 9) is due to be granted and this case dismissed for lack of subject matter jurisdiction. A separate closing order will be entered.

**DONE** and **ORDERED** on September 5, 2019.

_____
L. Scott Coogler
United States District Judge

160704